

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 3 0 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANGELA L. HENLEY | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION FILE |
| | § | |
| v. | § | NO.: **1 03 CV-2973** |
| | § | |
| AUTONATION, INC. | § | JURY TRIAL   **-MHS** |
| | § | DEMANDED |
| Defendant. | § | |
| | § | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW Angela L. Henley, Plaintiff in the above-styled action, and

brings this complaint against AutoNation, Inc., showing the Court the following:

### INTRODUCTION

1.

The instant lawsuit arises out of Defendant's sex discrimination and

violations of the Equal Pay Act. Defendant has engaged in a pattern and practice

of hiring, promoting, or transferring employees, and of paying them differently

based upon their gender. Defendant has made assignments with reference to the

gender of its employees. Female employees are assigned to work in locations and

positions where they do not earn as much as their male comparators. In addition,

FORMS RECEIVED
Consent To US Mag. ✓
Pretrial Instructions ✓
Title VII NTC

females are paid less than similarly situated males.  Plaintiff brings this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, as amended by the Civil Rights Act of 1991("Title VII").  Plaintiff also brings this lawsuit pursuant to the Equal Pay Act under the Fair Labor Standards Act of 1938, 29 U.S.C. § 206 (d). Plaintiff also brings suit under *quantum meruit* for wages due and owing and pursuant to O.C.G.A. § 13-6-11 for attorneys' fees and costs. The instant lawsuit seeks reinstatement or front pay, back pay, compensatory and punitive damages, attorney's fees and costs and equitable relief.

## PARTIES

2.

Angela L. Henley (hereinafter "Henley" or "Ms. Henley") is female.  She is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

3.

Defendant AutoNation, Inc. (hereinafter "AutoNation" or Defendant) is a foreign corporation doing business in the State of Georgia and is subject to suits of this kind and nature.  At all times relevant to this action, AutoNation was an employer within the meaning of Title VII.  Defendant AutoNation can be served with Summons and Complaint by serving its registered agent for service of process, CT Corporation System, located at 1201 Peachtree Street, N.E., Atlanta,

GA 30361.

### 4.

Defendant AutoNation is a company that sells and services automobiles.

## JURISDICTION

### 5.

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331.

Venue is proper in this court under 28 U.S.C. § 1441(b).

### 6.

Plaintiff filed a timely charge of discrimination at the United States Equal

Employment Opportunity Commission ("EEOC").  She has received her Notice of

Right to Sue and brings this action in a timely manner.

## FACTS

### 7.

Ms. Henley was employed by defendant AutoNation on October 31, 2000.

Her title was "Service Advisor."

### 8.

Throughout her employment with AutoNation, Ms. Henley was subjected to

treatment different from that to which male employees were subjected.

9.

Ms. Henley was ordered to wear specific clothes when no dress code was in place. Other male employees were not required to do so.

10.

Ms. Henley was subjected to repeated comments using derogatory language by male employees and supervisors as to her appearance. She was also called derogatory names by her coworkers and supervisors. In addition, derogatory comments were made by supervisors about women, including Ms. Henley, in the workplace. No actions were taken by AutoNation to stop such comments.

11.

Ms. Henley was accused of having a sexual relationship with her supervisor and forced by upper management to state publicly in front of the service and parts personnel that there was not such a relationship. This was designed to humiliate and embarrass Ms. Henley.

12.

Ms. Henley was followed and investigated and continually harassed about speculation of an alleged sexual relationship with her supervisor, even though there was no company policy against relationships between employees.

4

13.

In addition, her bonus checks were frequently and randomly changed to reflect lower bonuses than Ms. Henley actually earned.  Male comparators did not suffer such unjustified reduction of bonuses and lowering of their pay.

14.

In April 2002, Ms. Henley was transferred to the position of service manager for Mitsubishi sales at AutoNation. She was informed that if she did not accept the transfer she would be transferred against her will.  After she accepted this position, she was informed that her pay would be cut in the new position to an amount lower than it had been previously.

15.

In this new position, her wages were lower than male comparators on jobs, the performance of which require equal skill, effort, and responsibility.

16.

When she complained to Human Resources that she had been discriminated against, the Company policy that such complaints should be kept confidential was violated, and her manager was informed of both the fact and the substance of her call.  Her manager retaliated against her after this call by treating her unfairly, by harassing her, and by otherwise violating Company policy.  In fact,

5

when Ms. Henley tried to take a scheduled weekend off, her manager "docked"
her pay for the time she was off.  He had not "docked" the pay of other male
employees in similar situations.

17.

In November 2002, Ms. Henley requested a transfer.  That request was
granted, but she was assigned to a position that was understaffed, troubled, and
completely disorganized.  Her pay was not commensurate with what she had been
making or with what she had been promised she would make.

18.

In her new position, employees refused to perform their tasks; one quit
without notice; others interfered with her ability to perform her job.  AutoNation
management knew when it assigned her to this position that it was giving her an
impossible task.  On December 24, 2002, she left early after calling the District
Manager to report that she was leaving because there was not enough work to do
that day.  Most of her work crew had left or was not working that day.

19.

When she returned the day after Christmas, December 26, 2002, she
received a separation notice.  No reason was given for her termination.  When she
requested reinstatement, AutoNation refused to rehire her.

20.

Other male employees who have taken steps far more egregious than leaving early either were not terminated or have been rehired by AutoNation.

21.

As a result of Defendant's actions, Ms. Henley has suffered lost pay, lost bonuses, and benefits of employment, as well as mental and emotional distress.

## SUBSTANTIVE ALLEGATIONS

## COUNT I

## SEX DISCRIMINATION AND SEX HARRASSMENT

## IN VIOLATION OF TITLE VII

22.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

23.

The actions of Defendant set forth above were based on Plaintiff's sex, constituted harassment based on sex, and were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

24.

Plaintiff is entitled to recover damages as set forth below.

## COUNT II

## VIOLATION OF THE EQUAL PAY ACT

### 25.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

### 26.

The actions of defendant set forth above were in violation of the Equal Pay Act of 1938, 29 U.S.C. § 206 (d).

### 27.

## COUNT III

## RETALIATION IN VIOLATION OF TITLE VII

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

### 28.

The actions of Defendant set forth above were taken in retaliation for Plaintiff's opposition to defendant's unlawful employment practices based on Plaintiff's sex and were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

29.

Plaintiff is entitled to the relief set forth in the prayer for relief below.

COUNT IV

*QUANTUM MERUIT*

30.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

31.

Plaintiff was denied wages and bonuses she had earned.

32.

Plaintiff is entitled to recover from Defendant in *quantum meruit*.

33.

Plaintiff is entitled to the relief set forth in the prayer for relief below.

COUNT V

O.C.G.A. § 13-6-11

34.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

35.

Plaintiff's request to pay Plaintiff wages and bonuses owed without suit being filed is stubbornly litigious and has put Plaintiff to unnecessary trouble and expense.

36.

Plaintiff is entitled to the relief set forth in the prayer for relief below.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Angela Henley respectfully prays that this Court grant the following relief:

a.     That Plaintiff be awarded a declaratory judgment that Defendant has violated Title VII and the Equal Pay Act;

b.     That the Court order Defendant to reinstate Plaintiff in a position commensurate to the position she held prior to her transfer and that her pay be equivalent to her male comparators; or, in the alternative, that the Court award front pay and benefits in an amount sufficient to compensate Plaintiff for the loss of future salary and benefits;

c.      That this Court issue a permanent injunction against Defendant, prohibiting
it from further discriminatory or retaliatory conduct;

d.      That, pursuant to Title VII and the Equal Pay Act, Plaintiff have and recover
from Defendant backpay and benefits, including bonuses, with prejudgment
interest thereon;

e.      That, pursuant to Title VII, Plaintiff have and recover compensatory
damages;

f.      That Plaintiff have and recover punitive damages;

g.      That, pursuant to the Equal Pay Act, plaintiff have and recover liquidated
damages;

h.      That Plaintiff have and recover the value of her services, including all wages
and bonuses due and owing, pursuant to *quantum meruit*;

i.      That Plaintiff have and recover her attorney's fees and costs of litigation;
and

j.      Any and all such further relief that this Court or the finder of fact deems
equitable and just.


PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

By: _____
        EDWARD D. BUCKLEY
        Georgia State Bar No. 092750
        ANDREA DONEFF
        Georgia State Bar No. 225640

        Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in the

Times New Roman (14 point) font, as approved by the Court in LR 5.1B.

This 30ᵗʰ day of September, 2003.

Respectfully submitted,

By: _____

EDWARD D. BUCKLEY
Georgia State Bar No. 092750
ANDREA DONEFF
Georgia State Bar No. 225640

Attorneys for Plaintiff

BUCKLEY & KLEIN, LLP
1180 West Peachtree Street
Suite 1100, Atlantic Center Plaza
Atlanta, Georgia 30309
Phone:  (404) 781-1100
Facsimile:  (404) 781-1101

AO 440 (REV. 10/93) Summons   Civil Action

## ORIGINAL

# United States District Court

_____ **NORTHERN** _____ DISTRICT OF _____ **GEORGIA** _____

**ANGELA L. HENLEY,**

**Plaintiff,**

**V.**

**AUTONATION, INC.,**

**Defendant.**

**SUMMONS IN A CIVIL CASE**

**CASE NUMBER:** **1** 03 CV-2973

**TO:** **AutoNation, Inc.**
**c/o C.T. Corporation System**
**1201 Peachtree Street, N.E.**
**Atlanta, Georgia 30361**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Edward D. Buckley
Buckley & Klein, LLP
1180 West Peachtree Street, Suite 1100
Atlanta, Georgia 30309

An answer to the complaint, which is herewith served upon you within_____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

CLERK

_J. Trapp_

(BY) DEPUTY CLERK

SEP 3 0 2003

DATE